FILED
COURT OF APPEALS
DIVISION II

2014 MAR 25 AM 8:53

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44020-2-II |
| Respondent, | |
| v. | |
| ENRIQUE CAHUE, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — A jury found Enrique Cahue guilty of second degree assault. Cahue appeals his conviction and sentence arguing (1) the prosecutor committed misconduct during closing argument, (2) he received ineffective assistance of counsel, and (3) the trial court erred by finding he has the ability or likely future ability to pay his legal financial obligations. We affirm.

## FACTS

On February 13, 2012, the State charged Cahue with one count of second degree assault and one count of fourth degree assault.[1] At the conclusion of his jury trial, the State made the following comment in its closing argument:

> When you're thinking of beyond a reasonable doubt—beyond a reasonable doubt means that you have an abiding belief in the truth of the charge. What does your head, what does your heart, what does your gut say?

2 Report of Proceedings at 232. The jury found Cahue guilty of second degree assault. Cahue's judgment and sentence contains the following finding:

---

[1] The facts underlying the assault are immaterial to Cahue's appeal.

The court has considered the total amount owing, the defendant's past, present, and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds that the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein.

Clerk's Papers (CP) at 5.

## ANALYSIS

Cahue appeals his conviction arguing that (1) the prosecutor's comment during closing argument was flagrant and ill-intentioned misconduct, (2) he received ineffective assistance of counsel because his defense counsel did not object to the prosecutor's comment, and (3) the trial court erred by entering the finding regarding his ability or likely future ability to pay legal financial obligations. The prosecutor's comment during closing argument was not misconduct. Because the prosecutor's comment was not misconduct, Cahue's defense counsel was not deficient by failing to object to the comment. Finally, Cahue's challenge to the trial court's finding on his ability or likely future ability to pay legal financial obligations is not properly before this court. Accordingly, we affirm.

## A.    PROSECUTORIAL MISCONDUCT

This court reviews a trial court's ruling on allegations of misconduct during closing argument for an abuse of discretion. *State v. Stenson*, 132 Wn.2d 668, 718, 940 P.2d 1239 (1997), *cert. denied,* 523 U.S. 1008 (1998). The defendant alleging prosecutorial misconduct must show that the prosecutor's conduct was both improper and prejudicial. *State v. Emery*, 174 Wn.2d 741, 756, 278 P.3d 653 (2012). This court will reverse for prosecutorial misconduct when there is a substantial likelihood that the argument affected the jury verdict. *Emery*, 174 Wn.2d at 760. If a defendant fails to object to improper comments at trial, request a curative instruction, or move for a mistrial, this court will not reverse unless the misconduct was so

flagrant and ill intentioned that no curative instructions could have obviated the prejudice engendered by the misconduct. *Emery*, 174 Wn.2d at 760-61.

Cahue did not object to the prosecutor's closing argument at trial. Cahue, however, argues that the prosecutor's comment was flagrant and ill intentioned. This court's decision in *State v. Curtiss*, 161 Wn. App. 673, 250 P.3d 496, *review denied*, 172 Wn.2d 1012 (2011), controls here. In *Curtiss*, the defendant argued that the prosecutor committed misconduct by asking the jurors if they knew in their heads and their hearts that the defendant was guilty.[2] 161 Wn. App. at 701. This court rejected Curtiss's argument that the prosecutor's comments improperly appealed to the jury's emotion. *Curtiss*, 161 Wn. App. at 702. The prosecutor's comment during Cahue's trial is indistinguishable from the comment made in *Curtiss*. Therefore, the prosecutor did not improperly appeal to the jury's emotion.

Further, the trial court instructed the jury:

> As jurors, you are officers of this court. You must not let your emotions overcome your rational thought process. You must reach your decision based on the facts proved to you and on the law given to you, not on sympathy, prejudice, or personal preference. To assure that all parties receive a fair trial, you must act impartially with an earnest desire to reach a proper verdict.

Suppl. CP at 36. This court presumes the jury follows the trial court's instructions. Thus, the trial court's instruction to decide the case on the evidence rather than emotion cured any potential prejudice caused by the prosecutor's comment. *Curtiss*, 161 Wn. App. at 702 (citing

---

[2] Specifically the prosecutor in *Curtiss* argued:
> "This trial is a search for the truth and a search for justice, and the evidence in this case is overwhelming. [Curtiss] is guilty of Murder in the First Degree as an accomplice. Consider all the evidence as a whole. Do you know in your gut—do you know in your heart that Renee Curtiss is guilty as an accomplice to murder? The answer is yes."

161 Wn. App. at 701.

*State v. Stein*, 144 Wn.2d 236, 247, 27 P.3d 184 (2001)).  Moreover, Cahue has not shown how any potential prejudice could not have been cured by an additional instruction to the jury. *Curtiss*, 161 Wn. App. at 702 (citing *State v. Gentry*, 125 Wn.2d 570, 640, 888 P.2d 1105, *cert. denied*, 516 U.S. 843 (1995); *State v. Russell*, 125 Wn.2d 24, 86, 882 P.2d 747 (1994), *cert. denied*, 514 U.S. 1129 (1995)).

Cahue relies on *In re Personal Restraint of Glasmann*, 175 Wn.2d 696, 286 P.3d 673 (2012), to argue that the prosecutor committed misconduct by urging the jury to rely on their head, heart and gut rather than probative evidence and sound reason.  Cahue's reliance on *Glasmann* is misplaced.

In *Glasmann*, the prosecutor used a picture slideshow during closing argument; the pictures were captioned with phrases such as "DO YOU BELIEVE HIM?" and "GUILTY, GUILTY, GUILTY" across the defendant's face.  175 Wn.2d at 706.  Our Supreme Court's comments about urging the jury to disregard probative evidence and sound reason were in the context of holding that the prosecutor engaged in flagrant and ill-intentioned misconduct by relying on unadmitted evidence in closing argument.  *Glasmann*, 175 Wn.2d at 706.  Unlike the prosecutor in *Glasmann*, the prosecutor here made one, isolated comment referencing the jury's heart and gut.  Nothing about the prosecutor's conduct in Cahue's case rises to the level of misconduct disapproved of in *Glasmann*.  Accordingly, the prosecutor's comments in this case were not improper, and we reject Cahue's claim of prosecutorial misconduct.

B.    INEFFECTIVE ASSISTANCE OF COUNSEL

Cahue also argues that he received ineffective assistance of counsel because his defense counsel failed to object to the prosecutor's comment during closing argument. As explained above, the prosecutor's comment was not improper; therefore, Cahue's defense counsel was not deficient for failing to object. Cahue cannot meet his burden to show ineffective assistance of counsel.

This court reviews ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). In reviewing ineffective assistance of counsel claims, this court begins with a strong presumption of counsel's effectiveness. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). A defendant claiming ineffective assistance of counsel has the burden to establish that (1) counsel's performance was deficient and (2) the performance prejudiced the defendant's case. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700.

If the defendant bases his ineffective assistance of counsel claim on defense counsel's failure to object, the defendant must show that the objection would have succeeded. *State v. Gerdts*, 136 Wn. App. 720, 727, 150 P.3d 627 (2007). Here, the prosecutor's comment was not improper and it was not misconduct. Therefore, the trial court would not have had grounds to sustain defense counsel's objection. Because any objection defense counsel may have made to the prosecutor's comment would not have succeeded, defense counsel's performance was not deficient. Cahue has failed to meet his burden to show ineffective assistance of counsel because

No. 44020-2-II

he cannot show that defense counsel's performance was deficient. Accordingly, his claim must fail.

## C.    LEGAL FINANCIAL OBLIGATION FINDING

Finally, Cahue argues that the trial court's finding that he had the ability or likely future ability to pay legal financial obligations is not supported by substantial evidence. Under this court's decision in *State v. Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492, *review granted*, 178 Wn.2d 1010 (2013), Cahue may not raise this challenge for the first time on appeal. *See also* RAP 2.5. Furthermore, as explained in *State v. Lundy*, 176 Wn. App. 96, 108, 308 P.3d 755 (2013), Cahue's claim is not ripe for this court's review until the State attempts to collect legal financial obligations from Cahue. Accordingly, Cahue's claim regarding the trial court's finding on legal financial obligations is not properly before this court.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, C.J.

_____
Maxa, J.

6